UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------X

THOMAS E. WARNER,

                      Plaintiff,

     v.

RAHNS CONSTRUCTION MATERIAL COMPANY,
INC.; H.Y.K. CONSTRUCTION CO., INC.,
*individually and d/b/a* RAHNS CONSTRUCTION
MATERIAL COMPANY; H&K GROUP, INC.;
SHANE MILLER, *individually*; and DANNY
CONDILES, *individually*,

                      Defendants.

---------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, THOMAS E. WARNER, as and for his Complaint against the above Defendants respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his age and disability, and retaliated against on the basis of the same.

## JURISDICTION AND VENUE

2. This action involves questions of federal law under the Americans with Disabilities Act and the Age Discrimination in Employment Act.

3. This court has supplemental jurisdiction over the state causes of action, as they arise out of the same nucleus of operative fact.

4. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the County of Montgomery, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events at issue took place in Montgomery County, Pennsylvania within the Eastern District of Pennsylvania.

5. Around December 20, 2019, Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC"), Pennsylvania Human Relations Commission ("PHRC") against all Defendants as set forth herein.

6. Around October 14, 2020, the EEOC issued Plaintiff his Notice(s) of Right to Sue.

7. This action is being commenced within 90 days of receipt of the EEOC Notice(s) of Right to Sue.

## PARTIES

8. Plaintiff THOMAS E. WARNER (hereinafter referred to as "Plaintiff" and/or "WARNER") is seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against by his employer on the basis of his age and disability, and retaliated against for complaining about and reporting the discrimination.

9. Plaintiff WARNER is an individual 78-year-old male who resides in the County of Montgomery within the Commonwealth of Pennsylvania.

10. At all times material, Defendant RAHNS CONSTRUCTION MATERIAL COMPANY INC was and is a domestic business corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania was and is a domestic business corporation duly authorized to do business within the Commonwealth of Pennsylvania.

11. At all times material, Defendant H.Y.K. CONSTRUCTION CO., INC. (hereinafter "H.Y.K.") was and is a domestic business corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.

12. At all times material, Defendant H.Y.K. conducted and continues to conduct business under the registered fictitious name of RAHNS CONSTRUCTION MATERIAL COMPANY.

13. At all times material, Defendant H&K GROUP, INC. was and is a domestic business corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.

14. At all times material, Defendants operated a concrete mixing plant located at 430 Rahns Road, Rahns, PA 19426.

15. At all times material, Defendant SHANE MILLER (hereinafter "MILLER") was employed by Defendants as a supervisor.

16. At all times material, Defendant MILLER held direct supervisory authority over Plaintiff.

17. At all times material, Defendant DANNY CONDILES (hereinafter "CONDILES") was employed by Defendants as a General Manager.

18. At all times material, Defendant CONDILES held supervisory authority over Plaintiff.

## MATERIAL FACTS

19. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

20. Around February 2018, Defendants initially hired Plaintiff as a dispatcher at their "Central Dispatch" location.

21. Upon information and belief, Plaintiff was jointly employed by Defendants Rahns Construction Material Company Inc, H.Y.K. Construction Co., Inc., and H&K Group, Inc.

22. When Plaintiff was initially hired, John R. "Jack" Kibbelhouse (Defendant H&K Group's co-owner) made a point to ask Plaintiff how old he was, to which Plaintiff truthfully responded.

23. As Plaintiff possessed over 20 years of experience working as a dispatcher in the concrete industry prior to working for Defendants, he was qualified for his position and performed his job duties well.

24. In fact, during one meeting soon after Plaintiff's hire, Defendants introduced him to his co-workers as the "dispatch guru."

25. Around July 21, 2018, Plaintiff had an accident in which he slipped and fell in his driveway, hitting his head and severely injuring his left arm, shoulder, and hand.

26. Plaintiff became partially paralyzed in his left arm, shoulder, and hand as a result of his accident. Accordingly, Plaintiff underwent several surgeries and began attending regular physical rehabilitation sessions twice weekly, which he continues to attend.

27. Following his accident, Plaintiff took short-term disability leave until approximately February 4, 2019, when he returned to work with Defendants.

28. Upon his return, Plaintiff was able to fully perform his job duties with the use of reasonable accommodations including using a headset for his phone (as Plaintiff could not answer the phone with his left hand) and occasional breaks to stand and stretch.

29. Upon Plaintiff's return to work from his disability leave, Defendants' employees (including his supervisors) began treating him markedly differently.

30. By means of example, Plaintiff's supervisors and co-workers began to ignore Plaintiff and make disparaging comments about him.

31. In particular, Plaintiff's Dispatch Manager Dominic Aguero ("Aguero") ignored Plaintiff during the workday and avoided speaking with him, while other co-workers did the same.

32. On one occasion after returning, Plaintiff even went to Defendant MILLER to report Aguero's treatment of him, to which Miller simply replied that he would "handle it."

33. Additionally, during this time, Plaintiff would overhear comments that appeared to be directed at him, such as being accused of "not putting phone numbers in" without justification.

34. At no time did Plaintiff receive any feedback or formal criticisms of his job performance; rather, he continued to fully perform his job with his accommodations.

35. Around August 2, 2019, Plaintiff was called into a meeting with Aguero as well as Defendants MILLER and CONDILES.

36. In that meeting, Defendants informed Plaintiff that he was being terminated "as of now" because the company was "restructuring." Defendants gave Plaintiff no other reason for his termination, even when Plaintiff directly asked Defendant MILLER.

37. Despite Defendants' contentions, Plaintiff was the only employee who was terminated as a result of the alleged "restructuring."

38. Incredibly, Defendants then hired a new employee to replace Plaintiff approximately one week after terminating him.  This employee was substantially younger than Plaintiff and was much less qualified.

39. Accordingly, Defendants terminated Plaintiff directly because of his age and disability, as well as because of Plaintiff's complaints about his differing treatment upon his return to work.

40. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

41. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

43. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

44. The above are just some examples of some of the discrimination and harassment to which Defendants subjected Plaintiff.

45. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

46. Plaintiff claims alternatively (in the event that Defendants claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER THE ADEA
29 U.S.C. §§ 621 *et seq*.**

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. The ADEA provides in relevant part at 29 U.S.C. §623(a) that "It shall be unlawful for an employer…(1) discharge and individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age."

49. Defendants engaged in unlawful employment practices prohibited by 29 U.S.C. §§ 621–634 by discriminating against Plaintiff because of his age.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER THE ADEA
29 U.S.C. §§ 621 *et seq*.**

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. The ADEA provides in relevant part at 29 U.S.C. § 623(d) that "It shall be unlawful for an employer to discriminate against any of his employees or applicants for

employment…because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

52. Defendants engaged in unlawful employment practices prohibited by 29 U.S.C. §§ 621–634 by retaliating against Plaintiff because of his opposition to Defendants' unlawful employment practices.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE ADA
### 42 U.S.C. § 12101 *et seq*.

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. Title 42 of the Americans with Disabilities Act of 1990 (Pub. L. 101-336), Chapter 126, Subchapter I, § 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

55. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff on account of his disabilities.

56. As a result, Plaintiff suffered damages.

### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE ADA
### 42 U.S.C. § 12101 *et seq*.

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. Title 42 of the Americans with Disabilities Act of 1990 (Pub. L. 101-336), Chapter 126, Subchapter IV, § 12203, states: "(a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

59. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

60. As such, Plaintiff has been damaged as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE PHRA

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

63. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his age and disability.

64. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A SIXTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE PHRA

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

67. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SEVENTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER THE PHRA
## (As against Defendants MILLER and CONDILES)

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the

provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

70. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Philadelphia, Pennsylvania           **DEREK SMITH LAW GROUP, PLLC**
            January 6, 2021                              *Attorneys for Plaintiff Thomas E. Warner*

                                                                    By: s/ Nathaniel N. Peckham
                                                                    Nathaniel N. Peckham, Esq.
                                                                    PA State Bar No. 325064
                                                                    1835 Market Street, Suite 2950
                                                                    Philadelphia, Pennsylvania 19103
                                                                    Tel. (215) 391-4790
                                                                    Fax: (215) 893-5288
                                                                    nathaniel@dereksmithlaw.com