IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. WARNER | : | CIVIL ACTION |
| | : | NO: 21-00127-JMY |
| | : | |
| v. | : | |
| | : | |
| RAHNS CONSTRUCTION MATERIAL | : | |
| COMPANY, INC. | : | |
| | : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                            **JANUARY 11, 2023**

Plaintiff Thomas E. Warner ("Plaintiff") brings this case against Defendants Rahns Construction Material Company, Inc. ("Rahns"), Shane Miller ("Miller") and Danny Condiles ("Condiles") (collectively, the "Defendants")[1] asserting that his former employer and supervisors unlawfully discriminated against him in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951. (ECF No. 13). Plaintiff also brings a claim against Defendant Miller under the PHRA for aiding and abetting. (ECF No. 13 at 11-12). Now before the Court is Defendants' Motion for Summary Judgment (ECF No. 25). The Court finds this matter appropriate for resolution without oral

---

[1] Though Plaintiff's Amended Complaint asserts claims against Defendants H.Y.K Construction Co., Inc. and H & K Group Inc., Plaintiff has since withdrawn all claims against these defendants. (ECF No. 26-1 at 1 n. 1). Plaintiff has also withdrawn his retaliation claims under the ADA, ADEA, and PHRA against all Defendants along with his PHRA aiding and abetting claim against Defendant Condiles. (*Id.*)

argument. Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons that follow, Defendants' Motion for Summary Judgment is granted.

I. BACKGROUND

Plaintiff was hired by Defendant Rahns – a major supplier of ready-mix and precast concrete products in eastern Pennsylvania and the surrounding area – on February 19, 2018 for a dispatcher role at the age of seventy-five (75) years old. (ECF No. 25-2 at 4; ECF No. 25-1 at 1.) In his role as dispatcher, Plaintiff was required to answer phones, take orders, and send trucks out to deliver concrete to customers on a day-to-day basis. (ECF No. 25-2 at 11-12.)  Defendant alleges that Plaintiff was the subject of numerous customer complaints related to shipping incorrect concrete mixes, incorrectly processing orders, and causing delays that ultimately led to Plaintiff's termination. (ECF No. 27 at 3.)  Defendant Miller, who had supervisory responsibility over Plaintiff, testified that he received at least a dozen complaints about Plaintiff's performance starting from the onset of Plaintiff's employment. (ECF No. 25-1 at 5.)  Another employee, Dominic Aguero, further noted numerous complaints about Plaintiff's performance.  (ECF No. 27 at 4.)  Some of these mistakes were so problematic that, according to Defendants, customers refused to work with Plaintiff.  (ECF No. 25-1 at 7.)  Defendants were able to ascertain who was responsible for the wrong orders through an audit in Defendant Rahns' order screen, which listed "T. Warner" on many of them.  (*Id.*)   These complaints were documented in at least one email and in Plaintiff's personnel file. (ECF No. 25-2 at 68-70.)

On July 21, 2018, about five months into Plaintiff's employment with Defendant Rahns, he suffered an injury at his home. (ECF No. 25 at 5.)  Plaintiff was in the hospital for approximately five days before he was released on July 25, 2018.  (*Id.*)  Upon his release from the hospital,

Plaintiff requested a medical leave of absence due to his injuries, which Defendant Rahns granted as well as disability benefits through the company's insurance carrier. (*Id.*)

Approximately six months from the date of the accident, on February 4, 2019, Plaintiff was approved to return to work by his family physician. (*Id.*) According to Defendants, Plaintiff's return to work also brought about the return of Plaintiff's various performance issues that plagued the company prior to his leave of absence. (*Id.*) On August 2, 2019, Defendant Rahns terminated Plaintiff's employment which it claims was in response to receiving too many complaints regarding Plaintiff's performance. (*Id.*) The decision was communicated to Plaintiff by Dan Condiles, Shane Miller, and Dominic Aguero in a meeting that took place that day. (*Id.*) On January 11, 2021, Plaintiff filed a complaint alleging age and disability discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA") which he subsequently amended on April 14, 2021. (ECF Nos. 1 and 13.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it could affect the outcome of the suit, given the applicable substantive law, and a dispute is *genuine* if the evidence presented is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). Nevertheless, the party opposing summary judgment must support each essential element of the

opposition with concrete evidence in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Anderson*, 477 U.S. at 249–50.  This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).  Therefore, if after making all reasonable inferences in favor of the non-moving party, the court determines there is no genuine dispute as to any material fact, then summary judgment is appropriate. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

## III.   DISCUSSION

Though Plaintiff claims that his employment was terminated by Defendant Rahns on account of his age and disability, Plaintiff does not point to any statement or suspicious timing that suggests discriminatory animus by Defendants. Nor does Plaintiff offer any affirmative evidence to rebut Defendants proffered legitimate, non-discriminatory reasons for Plaintiff's termination. Instead, Plaintiff relies on his own conclusory allegations of discrimination. Plaintiff further alleges that Defendants' "lack" of evidence of Plaintiff's performance issues on the job supports his claims, which both misapprehends the law and is belied by the actual record. As told, Plaintiff has failed to present sufficient evidence to establish that age or disability played a role in Defendants' decision to terminate him or had any influence on the outcome. The Court, therefore, finds that summary judgment is warranted as no reasonable factfinder could conclude that Plaintiff suffered discrimination.

The ADA prohibits covered entities from discriminating "against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees . . .

and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADEA prohibits an employer from discharging, "or otherwise discriminat[ing] against any individual [over the age of forty] [*14] with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §§ 623(a)(1), 631(a). Similar to the ADEA and the ADA, the PHRA provides a remedy for discrimination on account of disability or age in private employment. *See* 43 Pa. Cons. Stat. Ann. § 951.² For there to be sufficient evidence to create a triable issue of fact for any of these claims, Plaintiff must suffer an adverse action "on the basis of" his disability or "because of" his age which may be proven by direct or circumstantial evidence. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009); *McNulty v. Citadel Broad. Co.*, 58 Fed. Appx. 556, 562 (3d Cir. 2003); *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Wright v. Providence Care Ctr., LLC*, No. 2:17-cv-00747-NR, 2019 U.S. Dist. LEXIS 162909 (W.D. Pa. 2019).

Direct evidence is overt or explicit evidence that is so revealing of a discriminatory animus that no presumptions or inferences are needed. *See Katchur v. Thomas Jefferson Univ.*, 354 F. Supp. 3d 655, 665 (E.D. Pa. 2019) ("[D]irect evidence is overt or explicit evidence which directly reflects discriminatory bias by a decision maker.") (internal quotation marks and citation omitted); *Hankins v. City of Phila.*, 189 F.3d 353, 365 (3d Cir. 1999); *Bullock v. Children's Hosp. of Phila*, 71 F. Supp. 2d 482, 485 (E.D. Pa. 1999) (citing *Armbruster v. Unisys Corp.*, 32

---

² The Third Circuit has held that, "while the Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in Title VII, the ADA, or the ADEA, its courts nevertheless generally interpret the PHRA in accord with its federal counterparts." *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (internal citations omitted); *Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 142 n.5 (3d Cir. 2011) ( "[t]he analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds.") For this reason, claims under the ADEA, ADA and the PHRA are treated co-extensively, and the Court will construe Plaintiff's PHRA claim together with his ADA and ADEA claims.

F.3d 768, 778-779 (3d Cir. 1994) for the proposition that direct evidence is analogous to the "proverbial 'smoking gun'"). Where the claimant lacks direct evidence, and is relying on circumstantial evidence, courts apply the *McDonnell Douglas* burden-shifting framework that uses a pretext theory.[3] *McDonnell Douglas*, 411 U.S. at 792. Under this test, the plaintiff must first make a *prima facie* case of discrimination, after which the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the employer's adverse employment decision." *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802. If the employer makes that showing, the burden of production shifts once again to the employee to establish that the employer's proffered justification for the adverse action is pretextual. *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981). The employer's burden is satisfied by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 (3d Cir. 2003); *Walton v. Mental Health Ass'n. of Southeastern PA*, 168 F.3d 661, 668 (3d Cir. 1999).

Plaintiff has not offered "direct evidence" of discrimination on account of his age or disability, and therefore, must proceed under the *McDonnell Douglas* pretextual analysis. To establish a *prima facie* case of disability discrimination under the ADA, Plaintiff must show that (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an adverse employment decision as a result of discrimination. *Gardner v. SEPTA*, 410 F. Supp. 3d 723, 734 (E.D. Pa. 2019) (citing *Taylor v. Phoenixville Sch.*

---

[3] The *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination. The shifting burdens of proof set forth in *McDonnell Douglas* are designed to assure the plaintiff [has] his day in court despite the unavailability of direct evidence. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985).

*Dist.*, 184 F.3d 296, 306 (3d Cir. 1999)). In order to make a *prima facie* ADEA claim, the plaintiff must establish (1) he is at least forty (40) years old; (2) he suffered an adverse employment decision; (3) he was qualified for the position in question; and (4) he was terminated under circumstances that give rise to an inference of unlawful discrimination. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999); *see also Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015).

In terms of satisfying the *prima facie* elements for an ADEA or ADA claim, this Court is hard-pressed to see how Plaintiff was "terminated under circumstances *that give rise to an inference* of unlawful discrimination" or "suffered an adverse employment decision *as a result of* discrimination." Plaintiff's sole evidence in support of satisfying these requirements is that he was replaced by a younger individual who was 56 years old and was told that Defendant Rahns was "restructuring" as the reason for Plaintiff's termination, when there was no evidence that Rahns was making these changes. (ECF No. 26-1 at 14.) But even assuming Plaintiff can establish a *prima facie* case, Defendant Rahns has put forth evidence sufficient to demonstrate that Plaintiff's termination was motivated by a legitimate, nondiscriminatory reason, which Plaintiff fails to rebut.

Specifically, Defendants have submitted evidence that the decision to terminate Plaintiff's employment came after months of Plaintiff making mistakes on the job that were adversely impacting Rahns' business relationships with its customers. Dominic Aguero testified that he verbally notified and counseled Plaintiff regarding customer-related errors and mistakes as they arose, (ECF No. 27-2 at 4). Plaintiff claims he was never counseled regularly on work issues, and that there was no written evidence that customers were unhappy with him or that he submitted an incorrect order, though the evidence Defendant submits shows otherwise. (ECF 26-

1 at 15.) Contrary to what Plaintiff claims, in addition to employee testimony, Plaintiff's work performance issues were noted in written documents, including an internal email dated June 14, 2019 discussing an incident where a customer did not receive the ordered concrete mixture as scheduled. (ECF No. 27 at 3.) According to that email, Plaintiff was responsible for the customer not receiving his order on time. (*Id.*) Plaintiff also made a mistake by entering the wrong concrete mixture for this customer in the system. (*Id.*) The email specifically noted "[t]his is not the first mistake of this kind." (*Id.*) Likewise, Plaintiff's mistakes at work were documented in his personnel file which states:

> "Too many complaints from customers. He was telling customers we were booked for 3 weeks and couldn't get the order correct to dispatch. We mutually agreed on a permanent layoff."

Dominic Aguero further corroborated this account noting numerous complaints about Plaintiff's performance and errors Plaintiff allegedly made. (ECF No. 27 at 4.).

Having offered this evidence, Defendants have carried their burden of production under the *McDonnell Douglas* test which accordingly shifts the burden to Plaintiff to rebut this evidence. *Willis*, 808 F.3d at 644. However, even after drawing all reasonable inferences in Plaintiff's favor, this Court finds that Plaintiff fails to satisfy his corresponding burden. Plaintiff argues that conflicting testimony between Defendant Rahns' employees and his own, creates a factual issue as to pretext for the jury. (ECF No. 26 at 6.) Yet when asked what else supports Plaintiff's claims that he was wrongfully terminated, either because of his age or disability, Plaintiff testified that "I think I was let go because of money; that's what I think." (ECF No. 25-2 at 35.) Plaintiff was further asked in his deposition if other than what he already testified to, if he could think of anything that made him believe he was terminated due to his age, to which he replied: "No. I told this young lady I believe it was because of the money. They knew my age

right up front before I even started." (ECF No. 25-2 at 36.)  Defendant Miller testified that he did not hear anyone complain about Plaintiff's age, but rather, performance issues. (ECF No. 25-2 at 43.)  The only affirmative evidence Plaintiff ever points to is his allegation that a week or two before his termination, another individual over 75 years of age, John (Jack) Kibblehouse, was "terminated" from his dispatcher position. Interestingly, Jack Kibblehouse was and remains an owner of Defendant Rahns. (ECF No. 26 at 6.)  Further, his grandson, Defendant Miller, stated in a declaration that "[a]t no time was Jack Kibblehouse fired, terminated, laid off, or otherwise separated from his position at Rahns" which directly contradicts Plaintiff's statement. (*Id.*)  None of Plaintiff's arguments demonstrate "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1109 (3d Cir. 1997). Indeed, Plaintiff offers no evidence at all beyond his own testimony. Even if there was a lack of physical evidence documenting Plaintiff's work performance issues as he claims, which is not the case, the mere absence of physical evidence does not establish or create a factual issue that invidious discrimination was more likely than not a motivating and determinative cause in the termination of Plaintiff's employment. *See Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 644-45 (3d Cir. 1998) (the plaintiff must "point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision."); *Abels v. DISH Network Serv., LLC*, 507 F. App'x. 179, 183 (3d Cir. 2012) (To prove pretext, a plaintiff must submit "evidence that allows a factfinder to either: (1) disbelieve or discredit the employer's justification; or (2) believe discrimination was more likely than not a 'but-for' cause of the adverse employment action."); *McBride v. Am. Substance Abuse*

*Pros., Inc.*, 917 F. Supp. 2d 419, 426 (E.D. Pa. 2013) ("whether a non-moving party's deposition testimony, alone, is sufficient to withstand summary judgment, the assertions must be compared to the other evidence of record to determine whether they are sufficient for a rational factfinder to credit the plaintiff's testimony, despite its self-serving nature").

A reason is not pretext unless there is sufficient evidence to show that it was false and that the discrimination was the real reason. *Simpson v. Kay jewelers, Div. of Sterling, Inc.,* 142 F.3d 639, 644-45 (3d Cir. 1998) (the plaintiff must "point to evidence with sufficient force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision."). No such evidence exists here. Further, without sufficient evidence of discrimination, there is also no conduct that Defendant Miller could have aided and abetted in violation of the PHRA. *Vazquez v. Carr & Duff, Inc.,* No. 16-17207, 2017 U.S. Dist. LEXIS 160972, at *22 (E.D. Pa. Sept. 28, 2017) ([I]t necessarily follows " that, if an employer has not engaged in a discriminatory practice under the PHRA, then "there is no misconduct to aid and abet"); *Kaniuka v. Good Shepher Home*, No. 05-cv-02917, 2006 WL 2380387, at *10 (E.D. Pa. Aug. 15, 2006) (noting that a defendant cannot violate § 955(e) when there is no corresponding violation by an employer to aid or abet); *Henley v. Brandywine Hosp., LLC*, No. CV 18-4520, 2021 WL 1193277, at *10 (E.D. Pa. Mar. 30, 2021) ("[I]t necessarily follows that, if an employer has not engaged in a discriminatory practice under the PHRA, then 'there is no misconduct to aid and abet.'"); *see, e.g.*, *Long v. Spalding Automotive, Inc*, 337 F. Supp. 3d 485, 494 n.39 (E.D. Pa. 2018). Therefore, summary judgment as to Plaintiff's ADA, ADEA, and PHRA claims is appropriate as Plaintiff is unable to point to evidence in the record which would allow a rationale factfinder to conclude that invidious discrimination played any role in Defendants' decision to terminate his employment.

**CONCLUSION**

For the reasons discussed above, the Court will grant Defendants' Motion for Summary Judgment. An appropriate Order will follow.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ Judge John Milton Younge

**Judge John Milton Younge**

.